IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WILLIAM MCCRACKEN § | |
| § | |
| V. § | C.A. NO. H-03-5726 |
| § | |
| EXXON MOBIL CORPORATION, INC. § | |
| AND KELLY SERVICES, INC. § | |

### KELLY SERVICES' AMENDED MOTION IN LIMINE

Kelly Services files this Amended Motion in Limine as follows:

Before the voir dire examination of the jury panel, Kelly Services makes this motion in limine. Kelly Services seeks to exclude matters that are inadmissible, irrelevant or prejudicial to the material issues in this case. If Plaintiff injects these matters into the trial of this case through a party, an attorney or a witness, Plaintiff will cause irreparable harm to Kelly Services' case, which no jury instruction would cure. If any of these matters are brought directly or indirectly to the attention of the jury, Kelly Services would be compelled to move for a mistrial. In an effort to avoid prejudice and a possible mistrial, Kelly Services urges this motion in limine.

#### A. Grounds

Kelly Services asks the court to prohibit Plaintiff from offering any of this evidence without first asking for a ruling from the court, outside the jury's presence, on the admissibility of evidence.

(1)  **Size, Character, and Location of Law Firms:** Mentioning or referencing the size, character, or location of Kelly Services' attorneys' law firm, by stating that Kelly Services' attorneys usually represent plaintiffs or defendants or usually engage in any specific type legal work.

SUSTAINED  _____

MODIFIED  _____

OVERRULED  _____

(2)  **Effect of Jury's Answers:** Mentioning, referencing or implying anything which might tend to inform the jury of the effect of its answers to the questions posed in the charge, including any comments to the effect that if questions are answered in a certain way that no recovery would be had or that any recovery would be had, or from mentioning, referencing or implying that a particular answer on a particular question might result in a recovery of a specific amount of money. *Cooper v. Argonaut Ins. Co.*, 430 S.W.2d 35 (Tex. Civ. App.—Dallas 1968, writ ref'd n.r.e.); *Mayes v. City of Midland*, 780 S.W.2d 903 (Tex. App.—El Paso 1989, writ denied).

SUSTAINED  _____

MODIFIED  _____

OVERRULED  _____

(3) **Requesting that the Jurors Place Themselves in the Plaintiff's Position:** Mentioning or arguing that the jury should place itself in the position of the Plaintiff or should consider how the jurors would feel in such a position in order to determine the amount of recovery or the lack of recovery. Such a request is an improper appeal to the passions and sympathies of the jurors. *Whitehead v. Food Max of Miss. Inc.*, 163 F.3d 265, 278 (5th Cir. 1998); *Ivy v. Sec. Barge Lines, Inc.*, 585 F.2d 732, 741 (5th Cir. 1978)

SUSTAINED  _____

MODIFIED  _____

OVERRULED  _____

(4) **Other Events or Occurrences:** Any reference to any other unrelated act, event, occurrence, or omission, whether or not resulting in a lawsuit or claim, involving Kelly Services, including any resolutions or verdicts from any lawsuits or claims. Unrelated acts are irrelevant and thus inadmissible. FED.R.EVID. 402.

SUSTAINED  _____

MODIFIED  _____

OVERRULED  _____

(5) **Pretrial Matters or Discovery Matters:** Mentioning any action by the Court in ruling upon any matter prior to the actual trial of this cause, including, but not limited to this Motion. Requesting of a witness the production of documents or other things which are properly the subject of pretrial discovery.

    SUSTAINED    _____

    MODIFIED    _____

    OVERRULED    _____

(6) **Privileged Matters**: Any evidence, statement or argument suggesting defendant, through counsel, asserted claims of privilege during discovery, or any evidence not produced in discovery. Claims of privilege are not admissible as evidence. FED.R.EVID. 501.

    SUSTAINED    _____

    MODIFIED    _____

    OVERRULED    _____

(7) **Commitment of Juror:** Any attempt to commit a potential juror to a specific finding of fact or to learn how a juror will vote based on an assumption of facts.

    SUSTAINED    _____

    MODIFIED    _____

    OVERRULED    _____

(8)     **Witnesses**: That Kelly Services has not called or will not call to testify any witness equally available to Plaintiff.

         SUSTAINED      _____

         MODIFIED      _____

         OVERRULED      _____

(9)     **Absent or unavailable witnesses.** The probable testimony of a witness who is absent, unavailable or not called to testify in this cause.

         SUSTAINED      _____

         MODIFIED      _____

         OVERRULED      _____

(10)    **Stipulations.** Any request that Kelly Services' counsel enter into stipulations of fact or the admissibility of any evidence. Such procedure would be improper and would put prejudice in the minds of the jurors.

         SUSTAINED      _____

         MODIFIED      _____

         OVERRULED      _____

(11)    **Additional Information:** Any demands or requests for documents or things in Kelly Services or Kelly Services' counsel's alleged control, or demands or requests for additional information during the course of the trial.

         SUSTAINED      _____

         MODIFIED      _____

         OVERRULED      _____

(12) **Net Worth:** Any reference to the net worth or financial assets of Kelly Services.

SUSTAINED  _____

MODIFIED  _____

OVERRULED  _____

(13) **Ability to Satisfy a Judgment**: The ability of any party to satisfy a judgment that might be rendered against it, including any assets that any party might have that may be used to satisfy a judgment.

SUSTAINED  _____

MODIFIED  _____

OVERRULED  _____

(14) **Settlement Negotiations**: Any evidence, statement or argument regarding settlement negotiations, or that any settlement offers either have or have not been made by any party to this lawsuit or by any other individual. Evidence of settlement negotiations is inadmissible. FED.R.EVID. 408; *Affiliated Mfrs., Inc. v. Aluminum Co. of Am.*, 56 F.3d 521, 526-30 (3d Cir. 1995).

SUSTAINED  _____

MODIFIED  _____

OVERRULED  _____

(15) **Other Litigation**: Offering as evidence and/or making reference to the fact that Kelly Services is or has been involved in any other litigation including reference to any allegations, petitions, complaints, claims or testimony made in any other suit. *See* FED.R.EVID. 401, 403. Specifically, any reference to allegations made by Cindy Foster is inadmissible.

SUSTAINED _____

MODIFIED _____

OVERRULED _____

(16) **Experts**: Any testimony by experts who were not identified as testifying experts in responses to interrogatories and not designated by the time set forth in the pretrial order or local rule. *Alldread v. City of Grenada*, 988 F.2d 1425, 1435-36 (5th Cir. 1993).

SUSTAINED _____

MODIFIED _____

OVERRULED _____

(17) **Issues not contained in final pre-trial order.** Any evidence, statement or argument supporting an issue that was not contained in the final pretrial order. *Life Care Ctrs., Inc. v. Charles Town Assocs.*, 79 F.3d 496, 507(6th Cir. 1996).

SUSTAINED _____

MODIFIED _____

OVERRULED _____

(18) **Non-designated experts:** Any expert opinion or testimony from any expert not specifically designated pursuant to the Court's Docket Control Order.

SUSTAINED  _____

MODIFIED  _____

OVERRULED  _____

(19) **Undisclosed expert opinions:** Any expert's opinion which has not been disclosed pursuant to the Court's Docket Control Order.

SUSTAINED  _____

MODIFIED  _____

OVERRULED  _____

(20) **Untimely opinions:** The opinion of any expert who was not disclosed prior to the date indicated in the Court's Docket Control Order.

SUSTAINED  _____

MODIFIED  _____

OVERRULED  _____

(21) **Other Litigation**: Offering as evidence and/or making reference to the fact that Kelly Services was or is involved in any similar or related litigation or arbitration, including reference to any allegations, petitions, complaints, claims, testimony or results from any other proceeding. *See* FED.R.EVID. 401, 403.

Findings and conclusions made in prior or on-going litigation or arbitration are not evidence, and therefore any reference to activities not part of this litigation are inadmissible.

SUSTAINED     _____

MODIFIED     _____

OVERRULED     _____

(22) **Alleged discriminatory acts which occurred prior to June 2003, any acts of alleged retaliation arising out of complaints or reports made prior to June 2003.** Because Plaintiff received favorable performance reviews and a raise following his complaints in June 2003, as a matter of law, alleged discriminatory acts prior to June 2003 are irrelevant and must be excluded as irrelevant and unduly prejudicial. FED.R.EVID. 402 & 403.

SUSTAINED     _____

MODIFIED     _____

OVERRULED     _____

(23) **Untimely exhibits.** Introduction of, or reference to any exhibit not identified timely. FED.R.CIV.P. 26.

SUSTAINED     _____

MODIFIED     _____

OVERRULED     _____

(24) **Matters dismissed before trial**. Any reference to assertions or complaints, or factual matters underlying those assertions or complaints, which have been dismissed prior to trial. Matters which have already been disposed of are irrelevant to McCracken's retaliation claim, and thus any probative value of such evidence would be outweighed by its prejudicial effect. FED.R.EVID. 402, 403.

SUSTAINED  _____

MODIFIED  _____

OVERRULED  _____

(25) **Untimely allegations**. Any reference to, or mention of, allegations which were not timely pled.

SUSTAINED  _____

MODIFIED  _____

OVERRULED  _____

(26) **Evidence of harassment and/or hostile work environment**. Any proffer of evidence, comment, reference, statement or attempt to elicit testimony regarding evidence of harassment and/or a hostile working environment. Such claims from Mr. McCracken have already been dismissed as a matter of law and therefore are not appropriate or relevant. Kelly Services has stipulated that Mr. McCracken participated in a protected activity, therefore any such testimony is not relevant to the issues in dispute. FED.R.EVID. 402.

SUSTAINED  _____

MODIFIED  _____

OVERRULED  _____

(27) **Religious discrimination**. Any proffer of evidence, comment, reference, statement or attempt to elicit testimony regarding evidence of religious discrimination. Such claim from Mr. McCracken has already been dismissed as a matter of law and therefore is not appropriate or relevant. Kelly Services has stipulated that Mr. McCracken participated in a protected activity, therefore any such testimony is not relevant to the issues in dispute. FED.R.EVID. 402.

SUSTAINED   _____

MODIFIED    _____

OVERRULED   _____

(28) **Cynthia Foster**. Any attempt to call Cynthia Foster as a witness. Ms. Foster was terminated almost one year prior to Mr. McCracken's termination. According to Plaintiff's propositions of law, whether Mr. McCracken's complaint of alleged discrimination on behalf of Ms. Foster was valid or not, is of no consequence to the viability of Mr. McCracken's claim of retaliation. Kelly Services agrees that Mr. McCracken has properly stated the law and therefore, also agrees that Mr. McCracken participated in a protected activity with regards to his complaints on behalf of Ms. Foster. Therefore, any testimony that Ms. Foster has to offer would not be relevant to any of the disputed issues pertaining to Mr. McCracken's claim of retaliation. FED.R.EVID. 402.

SUSTAINED   _____

MODIFIED    _____

OVERRULED   _____

(29) **Lisa Irwin**. Any attempt to call Lisa Irwin (Macuba) as a witness. Ms. Irwin voluntarily resigned her employment years before Mr. McCracken's termination. According to Plaintiff's propositions of law, whether Mr. McCracken's complaint of alleged discrimination on behalf of Ms. Irwin was valid or not, is of no consequence to the viability of Mr. McCracken's claim of retaliation. Kelly Services agrees that Mr. McCracken has properly stated the law and therefore, also agrees that Mr. McCracken participated in a protected activity with regards to his complaints on behalf of Ms. Irwin. Therefore, any testimony that Ms. Foster has to offer would not be relevant to any of the disputed issues pertaining to Mr. McCracken's claim of retaliation. FED.R.EVID. 402.

SUSTAINED　_____

MODIFIED　_____

OVERRULED　_____

(30) **Alix Rodwell**. Any attempt to call Alix Rodwell as a witness. It is undisputed that Mr. McCracken did not have any direct contact with Ms. Rodwell. Calling Ms. Rodwell to testify would be an attempt to humiliate, ridicule and mock Ms. Rodwell, as well as any individuals who sought therapy and counseling from Ms. Rodwell. Ms. Rodwell has no relevant testimony to offer as to any of the issues in dispute. Any attempt to elicit testimony from her is nothing more than an improper attempt to inflame the jury. The specific individual beliefs of Ms. Rodwell in her abilities are not at issue and are not relevant to Mr. McCracken's claim of retaliation. Any probative value of such testimony is certainly substantially outweighed by the potential prejudicial effect of the same. Kelly Services has stipulated that Mr. McCracken participated in a protected activity, therefore any such testimony is not relevant to the issues in dispute. FED.R.EVID. 402 & 403.

SUSTAINED　_____

MODIFIED　_____

OVERRULED　_____

(31) **Religious beliefs of Kelly Services employees**. Any comment, reference or statement regarding any specific individual belief of an employee of Kelly Services. Kelly Services has stipulated that Mr. McCracken participated in a protected activity, therefore the specific individual beliefs of Kelly Services employees are not at issue and are not relevant to Mr. McCracken's claim of retaliation. Any probative value of such testimony is certainly substantially outweighed by the potential prejudicial effect of the same. Fed.R.Evid. 402 & 403.

SUSTAINED   _____

MODIFIED    _____

OVERRULED   _____

(32) **Alix Rodwell's techniques and/or methods**. Any comment, reference, statement or attempt to elicit testimony from any witness regarding the various techniques and/or methods utilized in private, confidential and privileged therapy sessions with Alix Rodwell. Any such references would be made solely to humiliate, ridicule and mock such individuals who sought therapy and counseling from Alix Rodwell and/or to improperly inflame the jury. Kelly Services has stipulated that Mr. McCracken participated in a protected activity, therefore the specific techniques and/or methods utilized in private, confidential and privileged therapy sessions are not at issue and are not relevant to Mr. McCracken's claim of retaliation. Any probative value of such testimony is certainly substantially outweighed by the potential prejudicial effect of the same. Furthermore, such therapy sessions were entered into with an expectation of confidentiality, and are privileged. Fed.R.Evid. 402 & 403.

SUSTAINED   _____

MODIFIED    _____

OVERRULED   _____

(33) **"Devotees" of Alix Rodwell**. Any comment, reference or statement to the effect that BOP lab employees during the relevant time, including McCracken's supervisor, Elaine Scharold, were "devotees" of Ms. Rodwell, a New Age spiritual mentor, counselor and practitioner. Any such references would be made solely to humiliate, ridicule and mock such individuals who sought therapy and counseling from Alix Rodwell and/or to improperly inflame the jury. However, the specific individual beliefs of witnesses are not at issue and are not relevant to Mr. McCracken's claim of retaliation. Any probative value of such testimony is certainly substantially outweighed by the potential prejudicial effect of the same. Kelly Services has stipulated that Mr. McCracken participated in a protected activity, therefore any such testimony is not relevant to the issues in dispute. FED.R.EVID. 402 & 403.

SUSTAINED    _____

MODIFIED     _____

OVERRULED    _____

(34) **Alix Rodwell's practices are religious in nature**. Any comment, reference or statement that Alix Rodwell's practices were of a religious character and nature, and included prayer, spiritual healing, and other New Age beliefs and practices. Any such references would be made solely to humiliate, ridicule and mock such individuals who sought therapy and counseling from Alix Rodwell. The specific individual beliefs of witnesses are not at issue and are not relevant to Mr. McCracken's claim of retaliation. Any probative value of such testimony is certainly substantially outweighed by the potential prejudicial effect of the same. Kelly Services has stipulated` that Mr. McCracken participated in a protected activity, therefore any such testimony is not relevant to the issues in dispute. FED.R.EVID. 402 & 403.

SUSTAINED    _____

MODIFIED     _____

OVERRULED    _____

(35) **Alix Rodwell's practices in general**. Any comment, reference or statement regarding Alix Rodwell's practices including numerology, "soul retrieval," "past life sessions," psychic readings and Reiki. Any such references would be made solely to humiliate, ridicule and mock such individuals who sought therapy and counseling from Alix Rodwell. Any probative value of such testimony is certainly substantially outweighed by the potential prejudicial effect of the same. Kelly Services has stipulated that Mr. McCracken participated in a protected activity, therefore any such testimony is not relevant to the issues in dispute. FED.R.EVID. 402 & 403.

SUSTAINED      _____

MODIFIED       _____

OVERRULED      _____

(36) **Alix Rodwell visits lab**. Any comment, reference or statement that Alix Rodwell visited Elaine Scharold at ExxonMobil and was called on to say a "prayer" over the BOP lab to rid it of evil energy. Any such references would be made solely to humiliate, ridicule and mock such individuals who sought therapy and counseling from Alix Rodwell. The specific individual beliefs of ExxonMobil employees are not at issue and are not relevant to Mr. McCracken's claim of retaliation. Any probative value of such testimony is certainly substantially outweighed by the potential prejudicial effect of the same. Kelly Services has stipulated that Mr. McCracken participated in a protected activity, therefore any such testimony is not relevant to the issues in dispute. FED.R.EVID. 402 & 403.

SUSTAINED      _____

MODIFIED       _____

OVERRULED      _____

(37) **Pressure to visit Rodwell**. Any comment, reference or statement that Elaine Scharold and other lab employees exerted pressure on certain individuals employed at the BOP lab to visit Rodwell and participate in her sessions. This court has already dismissed -- as a matter of law -- Mr. McCracken's allegations of discrimination and of harassment/hostile work environment. Accordingly, any such evidence would not be relevant to Mr. McCracken's claim of retaliation. Kelly Services has stipulated that Mr. McCracken participated in a protected activity, therefore any such testimony is not relevant to the issues in dispute. FED.R.EVID. 402.

SUSTAINED   _____

MODIFIED   _____

OVERRULED   _____

(38) **Religious beliefs of other employees**. Any comment, reference or statement that employees who were pressured to participate in Rodwell's New Age practices felt that they conflicted with the employees' own religious beliefs. Other employee's religious beliefs are not relevant to Mr. McCracken's claim of retaliation. This court has already dismissed -- as a matter of law -- Mr. McCracken's allegations of discrimination and of harassment/hostile work environment. Kelly Services has stipulated that Mr. McCracken participated in a protected activity, therefore any such testimony is not relevant to the issues in dispute. FED.R.EVID. 402.

SUSTAINED   _____

MODIFIED   _____

OVERRULED   _____

(39) **Violation of employees' rights to be free from discrimination and/or harassment**. Any comment, reference or statement regarding the conduct of Elaine Scharold and other lab employees violated the individuals' rights to be free from religious discrimination and/or harassment. This court has already dismissed -- as a matter of law -- Mr. McCracken's allegations of discrimination and of harassment/hostile work environment. Accordingly, any such evidence would not be relevant to Mr. McCracken's claim of retaliation. Kelly Services has stipulated that Mr. McCracken participated in a protected activity, therefore any such testimony is not relevant to the issues in dispute. FED.R.EVID. 402.

SUSTAINED     _____

MODIFIED     _____

OVERRULED     _____

(40) **Irwin and Foster's response to pressure.** Any comment, reference or statement that Irwin and Foster resisted the pressure to engage Rodwell and as a result, suffered discrimination and harassment. This court has already dismissed -- as a matter of law -- Mr. McCracken's allegations of discrimination and of harassment/hostile work environment. Accordingly, any such evidence would not be relevant to Mr. McCracken's claim of retaliation. Furthermore, according to Plaintiff's propositions of law, whether Ms. Foster's claim (lawsuit) and/or the claim Plaintiff made on behalf of Ms. Irwin is valid or not, is of no consequence to the viability of Mr. McCracken's claim of retaliation. Therefore, such evidence is not relevant. Kelly Services has stipulated that Mr. McCracken participated in a protected activity as to his complaints on behalf of Ms. Irwin and Ms. Foster, therefore any such testimony is not relevant to the issues in dispute. FED.R.EVID. 402.

SUSTAINED     _____

MODIFIED     _____

OVERRULED     _____

## B. Prayer

For these reasons, Kelly Services asks the Court to instruct Plaintiff and all counsel not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any of these matters without first obtaining the permission of the Court, outside the presence and hearing of the jury, and to instruct Plaintiff and all counsel to warn and caution each of their witnesses to follow the same instructions.

FOR THESE REASONS, Kelly Services requests that this Court grant its Motion in Limine.

Respectfully submitted,

BUCK, KEENAN, GAGE, LITTLE & LINDLEY, L.L.P.

By: /s/ Ann E. Webb
James P. Keenan
TBA No. 11167850
Federal I.D. No. 1421
700 Louisiana, Suite 5100
Houston, Texas  77002
(713) 225-4500
(713) 225-3719 Fax

ATTORNEY-IN-CHARGE FOR DEFENDANT
KELLY SERVICES, INC.

OF COUNSEL:

Ann E. Webb
TBA No. 21017600
Federal I.D. No. 10243
Buck, Keenan, Gage, Little & Lindley, L.L.P.
700 Louisiana, Suite 5100
Houston, Texas 77002
(713) 225-4500
FAX (713) 225-3719

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of Kelly Services' Motion in Limine and Order has been forwarded to the following counsel as indicated below on April 21, 2006.

>Mr. Charles T. Jeremiah
>Law Offices of Charles T. Jeremiah, PC
>7500 San Felipe #600
>Houston, Texas 77063
>***Via electronic case file***
>
>Mr. Reid G. Gettys
>Mr. David M. Rivet
>Exxon Mobil Corporation
>P. O. Box 2180
>800 Bell Street, Suite 1503H
>Houston, Texas 77252-2180
>***Via e-mail: reid.g.gettys@exxonmobil.com***

>>/s/Ann E. Webb
>>Ann E. Webb

## **ORDER**

ORDERED as indicated above.

SIGNED this _____ day of _____, 2006.

_____

Hon. Lee Rosenthal