**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **WILLIAM McCRACKEN** | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | **C.A. NO. H-03-5726** |
| | § | |
| | § | |
| | § | |
| **EXXON MOBIL CORPORATION,** | § | |
| **INC. and KELLY SERVICES, INC.** | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF McCRACKEN'S RESPONSE IN OPPOSITION TO DEFENDANT KELLY
SERVICES, INC.'S AMENDED MOTION IN LIMINE**

TO THE HONORABLE JUDGE LEE ROSENTHAL:

WILLIAM McCRACKEN, Plaintiff, responds in opposition to Defendant Kelly Services, Inc.'s Amended Motion in Limine and would show the Court as follows:

Defendant Kelly Services, Inc.'s Amended Motion in Limine is an attempt to give the Plaintiff's case a "knock-out punch." Kelly ambitiously seeks to exclude witnesses, documents and information critical to the background and prosecution of this case, largely on the basis of having made a stipulation in the most general terms that Plaintiff McCracken participated in a protected activity and that accordingly the "who, what, when, where, and how," is all irrelevant and prejudicial. This attempt to gut Plaintiff's case and strip it of all context must be denied.

Plaintiff McCracken does not oppose the following requests: 1, 2-11, 13-14, 16-21, 23, 25 and 31. Request Nos. 12, 15, 22, 24, 26-30, and 32-40 are opposed.

**Request No. 12 - Net Worth:**

Evidence regarding the net worth or financial assets of Kelly Services is relevant to the issue of exemplary damages. Defendant has cited no basis for exclusion of such evidence.

**Request No. 15 - Other Litigation:**

Plaintiff opposes this request in part, specifically the portion stating "[s]pecifically, any reference to allegations made by Cindy Foster is inadmissible." Even if other litigation against Kelly Services were irrelevant, Cindy Foster has no lawsuit against Kelly Services. Her knowledge of religious discrimination and harassment in the ExxonMobil lab, and her communication of her own experience to Plaintiff McCracken is very relevant to this case.

**Request No. 22 - Alleged Discriminatory Acts Occurring Prior to June 2003**

Plaintiff assumes that Defendant Kelly Services means June "2002," rather than 2003.[1] In any event, that McCracken received a favorable performance evaluation at that time, does not render the prior religious discrimination and harassment irrelevant or inadmissible as a matter of law. Of course, there is no specific authority for Defendant's proposition. The jury could certainly infer that those involved in evaluating McCracken dared not falsify the objective performance facts at that time to try and support a termination or punish McCracken, or that they weren't completely fed up with McCracken's reports until they saw the last complaint in January 2003. Defendant's argument, if it has any validity, would go to the weight, not the admissibility of the evidence.

---

[1] McCracken was terminated in January 2003. The evaluation in question was in June 2002.

**Request No. 24 - Matters dismissed before trial**

Plaintiff opposes this request as worded. Specifically, it seeks to exclude "factual matters underlying those assertions or complaints." That Plaintiff McCracken had claims, other than retaliation, which were dismissed should be excluded. However, such exclusion should not extend to plainly relevant facts, including evidence of the religious discrimination and harassment which led McCracken to report the same, and which he contends resulted in the retaliation in question.

**Request No. 26 - Evidence of harassment and/or hostile work environment**
**Request No. 27 - Religious Discrimination**
**Request No. 39 - Violation of employees' right to be free from discrimination and/or harassment**

Likewise, it would be improper for the court all evidence of harassment or a hostile work environment or religious discrimination. While Plaintiff McCracken's claim is of retaliation, the conduct giving rise to his complaints directed at himself and others (most notably Cindy Foster and Lisa Irwin) – and the resulting retaliation – is of critical relevance to his case. Defendant's generic stipulation that "McCracken participated in a protected activity" does not render this evidence inadmissible.

**Request Nos. 28-30, 32-38, 40**

These requests likewise seek to gut Plaintiff's case, asking the Court to exclude fact witnesses with relevant knowledge, and virtually the entire background and context of the case. The purported basis for exclusion of these requests is that they are irrelevant or prejudicial. Again, because the Defendants simple stipulation that "McCracken participated in a protected activity" does not render all the factual background of his complaint irrelevant. While the stipulation is

appropriate, it neither alters the relevance of the facts referred to, nor does it go so far as to render any major aspect of the trial moot or unnecessary.[2] Rather, it appears it is being used as a sword to try and prejudice Plaintiff's case.

> **Request No. 28 - Cynthia Foster**
> **Request No. 29 - Lisa Irwin**
> **Request No. 30 - Alix Rodwell**

Plaintiff McCracken stood up and reported religious discrimination and/or harassment against Cynthia Foster and Lisa Irwin and himself and was punished for it. That is what this case is about. Rodwell was the spiritual/physical healer followed by a number of the lab employees, including the lab supervisor. The suggestion that their testimony is not relevant to this case is absurd.

> **Request No. 32 - Alix Rodwell's techniques and/or methods**
> **Request No. 33 - "Devotees" of Alix Rodwell**
> **Request No. 34 - Alix Rodwell's practices are religious in nature**
> **Request No. 35 - Alix Rodwell's practices in general**
> **Request No. 36 - Alix Rodwell visits lab**
> **Request No. 37 - Pressure to visit Rodwell**
> **Request No. 38 - Religious beliefs of other employees**
> **Request No. 39 - Violation of employees' rights to be free from discrimination and/or harassment**
> **Request No. 40 - Irwin and Foster's response to pressure**

The introduction of Rodwell's beliefs and practices into the ExxonMobil BOP lab, and pervasive pressure exerted by a supervisor and others on individuals to engage in such practices is very relevant to this case. In any event, The information observed and provided to McCracken by others, and that he reported to Kelly and Exxon is most relevant. Defendant Kelly Services has failed to show a lack of relevance for any of these issues. The suggestion that Kelly Services would

---

[2] A number of additional stipulations might go further toward this end, but have not been offered.

be prejudiced by the beliefs of Rodwell or employees at the ExxonMobil lab makes little sense.[3] To be sure, the prejudicial effect, if any, is strongly outweighed by the probative value.

Accordingly, Plaintiff McCracken prays that the Court DENY Request Nos. 12, 15, 22, 24, 26-30, and 32-40 in Defendant Kelly Services, Inc.'s Amended Motion in Limine.

Respectfully submitted,

/s Filed Electronically 4/26/06
Charles T. Jeremiah
Federal I.D. No. 15222

Attorney in Charge for Plaintiff

OF COUNSEL:

Law Offices of Charles T. Jeremiah, P.C.
7500 San Felipe, Suite 600
Houston, Texas 77063
(713) 592-5000 (telephone)
(713) 592-5005 (facsimile)

---

[3] Moreover, it is not Plaintiff McCracken's intent to "humiliate, ridicule or mock" any witnesses, at least not on the basis of their religious beliefs.

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of this response was served upon all counsel of record on this 26th day of April, 2006.

Mr. Reid G. Gettys
Exxon Mobil Corporation
800 Bell Street, Suite 1503H
Houston, Texas 77252-2180

Mr. James P. Keenan
Buck Keenan & Gage, L.L.P.
700 Louisiana, Suite 5100
Houston, Texas 77002

                                            /s Filed Electronically 4/26/06
                                            CHARLES T. JEREMIAH