# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM McCRACKEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-03-5726 |
| | § | |
| EXXON MOBIL CORP. INC | § | |
| and KELLY SERVICES, INC. | § | |
| | § | |
| Defendants. | § | |

## ORDER

Plaintiff William McCracken sued his former employers, Exxon Mobil Corporation, Inc. and Kelly Services, under Title VII for religious discrimination, hostile work environment, and retaliation. This court granted the defendants' motion for summary judgment on McCracken's discrimination and hostile work environment claims. (Docket Entry No. 30). A jury returned a verdict in the defendants' favor on the retaliation claim, (Docket Entry No. 85), and this court entered final judgment in favor of the defendants, (Docket Entry No. 86). McCracken has filed a motion for new trial, (Docket Entry No. 87), which the defendants oppose, (Docket Entry Nos. 88, 89).

McCracken's motion for new trial reiterates objections to this court's rulings at trial. Specifically, McCracken contends that this court erred in excluding Cindy Foster and Lisa Irwin as witnesses and in omitting McCracken's 2000 report of religious discrimination from the jury instructions. After reviewing the motion and responses, the record, and the

applicable law, this court denies McCracken's motion for the reasons stated below and on the record at trial. Each claim is addressed in turn.

McCracken contends that Cindy Foster, who has instituted separate legal proceedings alleging religious discrimination by the defendants, could have corroborated his story and lent credibility to his claims of retaliation. The defendants stipulated that McCracken's complaints of religious discrimination were protected activity for purposes of the retaliation claim. This element—the only aspect of McCracken's retaliation case to which Foster's testimony was relevant—was undisputed. The stipulation was read to the jury and provided to the jury in writing in the jury instructions. This court also permitted McCracken to testify as to what Foster had told him about alleged religious comments and conduct in the workplace, and about discrimination that she allegedly suffered. Foster's testimony would have been largely cumulative and of little probative value to McCracken's retaliation claim. Foster's testimony against the defendants would have required the parties to present evidence as to the merits of her claims of discrimination and retaliation. Based on McCracken's proffer of Foster's testimony, this court determined that much of it would be irrelevant to the retaliation issue tried in this case, confusing to the jury (which was deciding a retaliation case, not a discrimination case), inflammatory and prejudicial to the defendants, and unnecessarily time-consuming. *See* FED. R. EVID. 403; *The Yankee Candle Co. v. Bridgewater Candle Co., LLC*, 259 F.3d 25, 46 (1st Cir. 2001) (affirming the district court's exclusion of evidence relating to copyright and trademark infringement claims, which had been resolved in the defendant's favor on summary judgment, during trial on remaining

tortious interference claim, because such evidence was largely irrelevant and, to the extent the evidence was relevant, "could create substantial confusion and delay"); *Pieczynski v. Duffy*, 875 F.2d 1331, 1336 (7th Cir. 1989) (affirming trial court's refusal to permit testimony about other personnel decisions, which "would have extended the trial indefinitely since the parties would have wanted to delve into the circumstances surrounding each personnel action" and noting that "[t]his is just the sort of situation in which trial judges must exercise an informed judgment under FED. R. EVID. 403, a judgment that in this age of extraordinarily heavy judicial caseloads we will rarely be disposed to disturb") (citing *McCluney v. Jos. Schlitz Brewing Co.*, 728 F.2d 924, 929 (7th Cir. 1984)).

Throughout the trial, this court informed the members of the jury that they must accept as true the fact that the subject of McCracken's complaints about religious discrimination was protected for the purpose of his retaliation claim, and that whether religious discrimination took place was not at issue in this case. This court prohibited Foster's testimony under Federal Rules of Evidence 402 and 403. *Accord Roddy v. Monsanto Co.*, 4 Fed. Appx. 549, 552–53 (8th Cir. 2001) (affirming trial court's exclusion of "background evidence" and other alleged evidence of discrimination proffered by Title VII plaintiff because the relevant evidence "came into evidence in other ways" and much of the "background evidence . . . had no clear connection with [the] decisionmakers within the time frame or, in some instances, even [the plaintiff] herself"); *Speedy v. Rexnord Corp.*, 243 F.3d 397, 406 (7th Cir. 2001) (affirming trial court's exclusion under FED. R. EVID. 402 and 403 of two witnesses who intended to testify about manager's sex discrimination of them in a

retaliation case); *Harris v. Secretary, United States Dep't of the Army*, 119 F.3d 1313, 1322 (8th Cir. 1997) (affirming trial court's exclusion of discrimination and hostile work environment testimony in trial of retaliation claim); *Kelly v. Boeing Petroleum Srvs., Inc.*, 61 F.3d 350, 356–58 (5th Cir. 1995) (affirming, in a handicap discrimination case, trial court's exclusion of evidence of manager's insensitive actions and unsympathetic attitudes towards other employees who were members of disadvantaged minority groups, including individuals with medical, health, and handicap problems). McCracken has not persuaded this court to revisit this ruling.

McCracken similarly claims that this court's refusal to permit him to call Lisa Irwin as a witness constituted harmful error. Lisa Irwin resigned her position with the defendants in November 2000. McCracken did not lose his job until January 14, 2003. As this court made clear from the bench during the trial and in the jury instructions, whether Irwin suffered religious discrimination at the hands of the defendants was not at issue in this case. Irwin's testimony was not relevant to McCracken's retaliation claim, and this court properly prohibited the testimony under Federal Rule of Evidence 402.

Relatedly, McCracken argues that this court erred in failing to include the 2000 report in the list of protected complaints in the jury instructions. McCracken neither proffered nor introduced any evidence from which a reasonable jury could have concluded that his 2000 complaint had a causal connection to his 2003 firing. The evidence showed that the person he complained about had given him a favorable review and he had received a raise after the 2000 complaint. That, plus the three years that separated the 2000 complaint from the 2003

4

complaints, made its exclusion from the submission proper. *See, e.g.*, *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 471 (5th Cir. 2002) (stating the *prima facie* case for a Title VII retaliation claim, including the requirement that the plaintiff introduce evidence of a causal link between the protected activity and the adverse employment action) (citing *Evans v. City of Houston*, 246 F.3d 344, 352 (5th Cir. 2001)); *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996). McCracken's claim to the contrary notwithstanding, adding this complaint to the jury instructions would have been misleading and improper under the governing legal standards.

McCracken's motion for a new trial is denied.

SIGNED on June 13, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge